(Franklin County Court of Common Pleas.)

WM. F. VOLK v. THE VILLAGE OF WESTERVILLE.

The statute relating to bills of exceptions in civil cases before justices of the peace is not applicable to criminal cases in police court.

EVANS, J.,

1.

The plaintiff in error, on April 19th, 1900, was convicted in the Mayor's court of the village of Westerville, of the offense of unlawfully keeping a place where intoxicating liquors were sold at retail in violation of an ordinance of that village. On April 20th, Volk filed his motion for a new trial, which motion on April 23rd was argued, submitted and overruled; and Volk sentenced. On April 23rd the court fixed the 26th day of April for presenting and allowing a bill of exceptions, and the same was duly presented, allowed and signed on said 26th day of April, 1900, unless that court was without statutory authority to allow the same. It is insisted on behalf of the village that no such authority existed and that for such reason the "bill of exceptions" is not a valid bill of exceptions.

In (Bradner) Village v. Grundetisch, 15 C. C., 32, it was held that the statute relating to bills of exceptions in civil cases before justices of the peace is not applicable to criminal cases in Mayor's courts, and that there is "no provision of the statutes giving a Mayor authority to extend the time for preparing a bill of exceptions in the prosecution of the violation of an ordinance." That a bill of exceptions in such court can be taken only at, or during the trial and not after the trial is had. (See also 19 C. C., 633.)

Counsel for plaintiff in error calls my attention to Slaughter v. City of Columbus, 61 Ohio St., 53; and Bellefontaine v. Vassau 55 O. S., 323. But these cases do not appear to be in conflict with the decision in Bradner v. Grundetisch. In neither of said cases did the supreme court decide, or consider, whether a bill of exceptions could be taken in a Mayor's court on a day subsequent to the trial, or decision, sought to be reversed on error. I have concluded to follow the decision of the circuit court, and hence the document filed in this case purporting to be a bill of excep-

tions, is held to be not a valid bill of exceptions for the reason that said Mayor's court is not authorized by statute to allow a bill of exceptions, in a criminal prosecution, on a day subsequent to the trial, judgment, or decision, for the purpose of having the same reversed on error. Bradner (Village) v. Grundetisch, 15 C. C., 32; Van Buskirk v. the City of Newark, 26 Ohio St., 37.

2.

It is insisted for plaintiff in error that the affidavit upon which Volk was convicted charges no offense against any ordinance of the village, because the ordinance prohibited keeping any place where intoxicating liquors were sold at retail within the limits of the village of Westerville; and said affidavit does not charge him with keeping such place "within the limits of the village of Westerville," but it charges him with keeping such place "at" the village of Westerville. This exact question was decided by this court July 16th, 1900, in the case of Curry v. the Village of Harrisburg, adversely to the claim of the plaintiff in error herein. There is no error in charging in an indictment that an offense was committed "at" the county of Franklin instead of "in" the county of Franklin.

This is the form generally used in indictments in Ohio, and is the form approved in Miller v. The State, 3 Ohio St., 475, and authorized by statute. Revised Statutes sections 7134-7135.

The preposition "at" used in indictments, informations and affidavits in criminal prosecutions, is equivalent to the preposition "in" or "within." 3 Am. Ency. of Law (2nd ed.), 168.

The affidavit is believed to be sufficient in form and substance. Revised Statutes section 7215.

3.

No valid bill of exceptions having been taken, the evidence offered on the trial in the Mayor's court is not before this court, and the questions depending upon the evidence taken on said trial cannot be here considered. Hence this court cannot reverse the decision of the Mayor's court on the question as to the sufficiency of the evidence.

4.

There was no error to the prejudice of Volk in the decision of said Mayor's court upon the demurrer to Volk's plea in abatement. Revised Statutes sections 4364-20, 4364-11; Village of Van Wert v. Brown; State v. Rouch, 47 Ohio St., 477-478: 490-492.

The petition in error is dismissed at the costs of the plaintiff in error.